1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11 | MICHAEL L. HUGHES,                     CV F   04 5437 OWW SMS P

12 |                    Plaintiff,          FINDINGS AND RECOMMENDATION TO
                                            GRANT MOTION TO DISMISS IN PART
13 |        v.                              AND DENY MOTION TO DISMISS IN PART
                                            (Doc. 23.)
14

15 | SHERMAN, et. al.,

16 |                    Defendants.
       _____/

17

18       Michael L. Hughes ("Plaintiff") is a state prisoner proceeding pro se and in forma

19  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

20       Plaintiff filed the instant action on March 17, 2004, raising a sufficiency of the evidence

21  claim regarding a disciplinary finding.   The Court issued an Order finding the claim cognizable

    and ordering service of the Complaint appropriate on June 6, 2005.
22
         On December 8, 2005, Defendants filed a Motion to Dismiss under Rule 12(b)(6) of the
23
    Federal Rules of Civil Procedure.
24
    **A.  Legal Standard**
25
         "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California
26
    Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for
27
    failure to state a claim, the court must accept as true the allegations of the complaint in question,
28

1

1  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in

2  the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

3  favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal

4  system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126

5  (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

6  exceptions," none of which apply to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

7  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).   Pursuant to Rule 8(a), a complaint must contain "a

8  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

9  Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

10  claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.

11       A court may dismiss a complaint only if it is clear that no relief could be granted under

12  any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and

13  summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of

14  unmeritorious claims."  Id. at 512.  "The issue is not whether a plaintiff will ultimately prevail

15  but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear

16  on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."

17  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232,

18  236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

19  suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin,

20  262 F.3d 871, 977 (9th Cir. 2001))).   A motion to dismiss for failure to state a claim should not

21  be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the

22  claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)

23  (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log

24  Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

25  **B. Discussion**

26       Under the Prison Litigation Reform Act ("PLRA") the Court has a statutory duty to

27  screen complaints in cases such as this and dismiss any claims that fail to state a claim upon

28  which relief may be granted.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.  Given this

1    requirement, the Court is disinclined to view with favor a subsequent motion to dismiss for

2    failure to state a claim.

3        Here, Defendants argue that (1) confining Plaintiff to his cell for 10 days did not violate a

4    protected liberty interest;  (2) Plaintiff fails to state a due process claim because he received all of

5    the constitutional safeguards he was entitled to; (3) Plaintiff does not allege facts sufficient to

6    state a claim against Defendnats Sherman and Streeter; (4) Plaintiff fails to state a claim for

7    violation of his Eighth Amendment rights; and (5) Plaintiff's request for relief of the finding of

8    guilt must be raised through a Writ of Habeas Corpus.   It is clear to the Court that Defendants, in

9    formulating their Motion to Dismiss, overlooked the Court's Order finding service of the

10   Complaint appropriate wherein the Court framed the issue in the case.  Specifically, the Court

11   found that the Complaint raised a sufficiency of the evidence claim regarding a disciplinary

12   finding. (Order at 1.)  In a footnote, the Court also noted that Plaintiff did not allege a loss of

13   prison credits that would warrant dismissal under Edwards v. Balisok, 117 S.Ct. 1584, 1587

14   (1997).   Despite this clear indication of the claims at issue, Defendants have moved to dismiss

15   on grounds that are outside the scope of the action as set forth in that Order.

16       Defendants contention that Plaintiff has no liberty interest in remaining free from

17   administrative segregation and  that he received all the constitutional safeguards he was entitled

18   to address the claims raised as they implicate the procedural component of the Due Process

19   clause.  The Motion does not, however, address the claim the Court found December 14,

20   2005was the basis of this action.

21       In order to establish a due process violation, "a plaintiff is ordinarily required to prove

22   that a challenged government action was clearly arbitrary and unreasonable, having no

23   substantial relation to the public health, safety, morals or general welfare." Patel v. Penman, 103

24   F.3d 868, 874 (9th Cir. 1996) (citations and internal quotations omitted.)  In the context of prison

25   disciplinary proceedings, the Ninth Circuit has held a "lack of a fair hearing violates due process,

26   wholly apart from the conditions of confinement and without regard to the Sandin requirements."

27   Nonette v. Small, 316 F.3d 872, 879 (9th Cir. 2002.), citing Burnsworth v. Gunderson, 179 F.3d

28   771, 775 (9th Cir. 1999).  Due process in this instance requires "some evidence to support the

3

1    prison's disciplinary decision.  Superintendent v. Hill, 472 U.S. 445 (1985).

2        In this case, Plaintiff's allegation is that the prison disciplinary hearing was unfair in that

3    his evidence of innocence was not considered.  As noted by the Court's prior order, Plaintiff is

4    not requesting the restoration of credits lost as a result of the prison disciplinary hearing and thus,

5    he is not required to first invalidate the disciplinary finding via habeas corpus. See, Edwards v.

6    Balisok, 117 S.Ct. 1584, 1587 (1997).  Nor is the core of Plaintiff's claim that his placement in

7    administrative segregation was unconstitutional, that it violated the Eighth Amendment, or that

8    he was denied any of the procedural safeguards outlined in Wolff v. McDonnell, 418 U.S. 541,

9    563-567 (1974).  Plaintiff's challenge is to the fairness of the hearing in that his evidence was

10   either disregarded or not considered.  Such an allegation is sufficient to state a due process claim

11   for relief of the kind contemplated by Gunderson.

12       Defendants also allege that Plaintiff fails to state a claim for relief against Defendants

13   Streeter and Sherman because he does not allege specific instances of misconduct.  As noted

14   above, the instant action is subject to Rule 8(a) which  expresses the principle of notice-pleading.

15   Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) requires that the pleader need only give

16   the opposing party fair notice of a claim.  Fed.R.Civ.P. 8(a)  Rule 8(a) does not require an

17   elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement

18   sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon

19   which it rests."  Id. at 47.

20       Here, Plaintiff alleges that his prison disciplinary hearing was unfair in that evidence of

21   his innocence was disregarded or not considered.  Plaintiff's allegation is sufficient to give rise to

22   a due process claim against any one named in the complaint that had anything to do with the

23   prison disciplinary proceeding.  Defendants appear to have "read into" the Complaint allegations

24   that are not clear on the face of the Complaint.  For example, Defendants contend that the

25   Complaint alleges that "Defendant Streeter violated his constitutional rights by failing to grant

26   his administrative appeal."   However, the Complaint states only that  Defendant "Streeter

27   violated [Plaintiff's] due process  by disregarding the facts of [his] innocence, denying [him]

28   equal protection and fairness of the law." (Complaint at 3.)  As in the prior Court's Order, the

4

1   Court finds the allegations sufficient to give rise to a due process claim against Defendant

2   Streeter.[1]

3         Defendants also argue that the Complaint fails to state a claim against Defendant

4   Sherman in his supervisory capacity.

5         Supervisory personnel are generally not liable under section 1983 for the actions of their

6   employees under a theory of respondeat superior and, therefore, when a named defendant holds a

7   supervisorial position, the causal link between him and the claimed constitutional violation must

8   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

9   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim

10  for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some

11  facts that would support a claim that supervisory defendants either: personally participated in the

12  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

13  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

14  of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v.

15  Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d

16  1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be

17  alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit,

18  507 U.S. 163, 168 (1993).

19        Plaintiff has not alleged any facts indicating that Defendant Sherman personally

20  participated in the alleged deprivation of constitutional rights; knew of the violations and failed

21  to act to prevent them; or promulgated or "implemented a policy so deficient that the policy

22  'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

23  violation.'"  Hansen v. Black at 646.   Accordingly, the Court finds Plaintiff fails to state a

24  supervisory claim against Defendant Sherman and the Court will recommend that the Motion to

25  Dismiss be granted to this extent.

26  **C.  Recommendation**

27  _____

28      [1]Any argument or evidence concerning Defendant Streeter's participation in the disciplinary hearing or lack
thereof concerns the merits of Plaintiff's claims and should be made in a Motion for Summary Judgment.

1    Accordingly, the Court RECOMMENDS that the Motion to Dismiss be GRANTED IN

2   PART and Defendant Sherman be DISMISSED from the action, and DENIED IN PART with

3   respect to the remaining claims and defendants.

4    The Court HEREBY ORDERS that these Findings and Recommendations be submitted

5   to the United States District Court Judge assigned to this action pursuant to the provisions of 28

6   U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

7   District Court, Eastern District of California.  Within THIRTY (30) days after being served with

8   a copy of these Findings and Recommendations, any party may file written Objections with the

9   Court and serve a copy on all parties.  Such a document should be captioned "Objections to

10   Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

11   and filed within TEN (10) court days (plus three days if served by mail) after service of the

12   Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

13   § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

14   may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

15   (9th Cir. 1991).

16

17   IT IS SO ORDERED.

18   **Dated:    December 15, 2005**                  **/s/ Sandra M. Snyder**
      icido3                                          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28