# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. HUGHES, | CV F   04 5437 OWW SMS P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO AMEND COMPLAINT (Doc. 31.) |
| SHERMAN, et. al., | |
| Defendants. | |

Michael L. Hughes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On March 10, 2006, Plaintiff moved to Amend his Complaint. Plaintiff states that he should be allowed to amend because the Defendants have "read into" the Complaint allegations that were not made by the Plaintiff and thus, have caused the "Original Complaint to be offset from its Original language." (Motion at 2.) Plaintiff states that Defendants have also misstated the record by contending that Defendant Sherman could not be held liable in his supervisory capacity and that Plaintiff did not allege that he was suing Defendant Sherman in his "supervisory capacity" but in his individual capacity. Thus, Plaintiff seeks to amend to

1

1  "overcome the deficiency, if any exist." Id.

2         It appears from Plaintiff's Motion, that Plaintiff misunderstands what has occurred in his
3  case. While it is true that the Court found cognizable claims and ordered service of the
4  Complaint on June 6, 2005, this does not preclude Defendants from making a Motion under Rule
5  12(b)(6) for failing to state a claim. Clearly this occurred with the filing of the Motion to
6  Dismiss which this Court recommended be denied in part and granted in part on December 15,
7  2005.

8         In the Findings and Recommendations, the Court noted that Defendants had "read into"
9  the Complaint certain allegations that were not there. However, Defendants actions did not
10 change the Complaint and thus, an amendment to that extent is unnecessary. Defendants did
11 move to dismiss Defendant Sherman from the action on the basis that the Complaint did not state
12 a claim for relief. As noted above, the Court's finding service of the Complaint appropriate does
13 not preclude Defendants from making such a Motion. The Motion served to have the Court
14 examine the Complaint more closely and upon that examination, the Court agreed that the
15 Complaint did not allege sufficient facts to keep Defendant Streeter in the action. Plaintiff states
16 he was not suing Defendant Sherman in his "supervisory capacity" but in his individual capacity
17 and thus, he seeks to amend to make that clear. Such an amendment, however, is unnecessary.
18 Regardless of whether Plaintiff uses the words supervisory capacity in his Complaint, the facts
19 alleged make clear that the only way Plaintiff can hold Defendant Sherman liable is in his
20 capacity as a supervisory. The Complaint alleges that Defendant Sherman "supported his
21 subordinates unethical conduct after review of their actions. He collectively participated causing
22 him to suffer cruel punishment and mental distress." (Complaint at 3.) These facts make clear
23 that Defendant Sherman was acting in his capacity as supervisor as he "supported" and
24 "reviewed" actions by his subordinates. Even disregarding the "supervisory" component of the
25 claim, the facts alleged in the Complaint do not state a cognizable claim that could be redressed
26 in a Section 1983 action as Plaintiff does not have a constitutional right to have Defendant
27 Sherman *not* support or review actions of his subordinates. In other words, the facts alleged in
28 the Complaint are insufficient to state a cognizable claim against Defendant Sherman under any

1 theory, including one of supervisory liability.  Thus, Plaintiff may not amend the Complaint to
2 again include a claim against Defendant Sherman using the same facts.
3    As in the Findings and Recommendations, the Complaint does not allege facts sufficient
4 to state a cognizable claim for relief against Defendant Sherman and Plaintiff does not propose
5 facts that would be sufficient to state a cognizable claim against him.  Accordingly, the Motion to
6 Amend the Complaint is DENIED.[1]
7 IT IS SO ORDERED.
8 **Dated:   March 20, 2006**                               **/s/ Sandra M. Snyder**
  icido3                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also argues that the Court's Order granting and denying the Motion to Dismiss had no explanation. However, he is incorrect. The explanation as to why the Motion should be granted in part and denied in part was provided by this Court in the form of Findings and Recommendations. The Order Adopting makes clear that the Court concurred with the Findings and thus, adopted them.