# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. HUGHES, | CASE NO. 1:04-cv-05437-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| S. SHERMAN, et al., | (Doc. 34) |
| Defendants. | |

I.  <u>Findings and Recommendations Addressing Defendants' Motion for Summary Judgment</u>

    A.  <u>Procedural History</u>

Plaintiff Michael L. Hughes ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed March 17, 2004, against defendants C. Villarrial, W. Villarreal, and Streeter ("defendants") for violating the Due Process Clause of the Fourteenth Amendment. (Docs. 1, 9.) On January 14, 2007, defendants filed a motion for summary judgment. (Docs. 34, 35.) Plaintiff filed an opposition on February 20, 2007, defendants filed a reply on February 23, 2007, and on May 10, 2007, with leave of court, plaintiff filed a supplement to his opposition.[1] (Docs. 40, 42, 45.)

///

///

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on August 25, 2005. <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988). (Doc. 14.)

1

B.     Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

///

2

return a verdict for the nonmoving party, <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, <u>Anderson</u>, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, <u>Matsushita</u>, 475 U.S. at 587 (citing <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

    C.    <u>Undisputed Facts</u>

1. At all times relevant to the complaint, plaintiff was an inmate lawfully confined at California State Prison-Corcoran.
2. On June 10, 2003, plaintiff was issued a priority ducat (inmate pass) with instructions to go the 3A dining hall for TABE (Test of Adult Basic Education) testing at 9:00 a.m. that morning.

3. At approximately 10:30 a.m., defendant C. Villarrial, an education department officer, determined that plaintiff did not report to TABE testing, and she called plaintiff's assigned building to ascertain his whereabouts.

4. Plaintiff was eventually located in his housing unit.

5. Defendant Villarrial issued plaintiff a serious level rules violation (log # 3A-03-06-046) for disobeying orders and delaying program.

6. On July 3, 2003, plaintiff received a disciplinary hearing for rules violation 3A- 03-06-046.

7. The senior hearing officer who conducted the hearing was defendant W. Villarreal.

8. Defendant C. Villarrial was not present for the hearing, and defendant W. Villarreal used her report as evidence.

9. At the hearing, plaintiff was given the opportunity to present witnesses on his own behalf.

10. Officer Stanley was called as a witness for plaintiff and he testified that plaintiff was in his cell the morning of June 10, 2003, and accounted for.

11. Defendant W. Villarreal reclassified plaintiff's rule violation at an administrative classification level and changed the specific act to failure to report.

12. On November 1, 2003, plaintiff filed an inmate grievance requesting that the disciplinary hearing findings be rescinded.

13. On January 6, 2004, defendant Streeter denied plaintiff's appeal at the second level of review.

D. Discussion

   1. Due Process Claim

At the time of the events in question, plaintiff was a state prisoner housed at California State Prison-Corcoran, in Corcoran, California. At issue in this action is whether or not defendants violated plaintiff's rights under the Due Process Clause of the Fourteenth Amendment by finding him guilty of a rules violation without any evidence.[2]

---

[2] Although plaintiff asserts in his opposition that defendants' actions imposed cruel and unusual punishment on him and denied him equal protection, the complaint is devoid of any facts supporting an Eighth Amendment or Fourteenth Amendment equal protection claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim. Because routine

4

The Due Process Clause protects against the deprivation of liberty without due process of law.[3] Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Ordinarily, courts look first to whether or not the inmate has demonstrated the deprivation of a protected liberty interest before inquiring into whether the procedural protections required under federal law were provided. Liberty interests may arise from the Due Process Clause itself or from state law, and the Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005); Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

However, in some instances, an inmate's "due process rights [may] be violated even if [he] has demonstrated no cognizable liberty interest." Burnsworth v. Gunderson, 179 F.3d 771, 775 (9th Cir. 1999). A hearing at which an inmate is found guilty despite the absence of any evidence of guilt is such an instance. Id. at 774 (due process is violated when an inmate is convicted of escape despite the presentation of *no* evidence of guilt, even if no cognizable liberty interest demonstrated). "The touchstone of due process is protection of the individual against arbitrary action of government," Wolff, 418 U.S. at 558, and "[s]ome evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of evidence." Hill, 472 U.S. at 455. Rather, the relevant inquiry is whether

///

---

discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." (quotations and citations omitted)); City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985) (Equal Protection Clause requires that persons who are similarly situated be treated alike). Plaintiff had ample notice as to the claim this action was proceeding on and may not now expand the scope of his claims. (Docs. 9, 25, 29.)

[3] The deprivation of life and/or property are not at issue in this action.

5

"there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

          a.         <u>Defendant W. Villarreal</u>

Plaintiff alleges that on June 10, 2003, defendant C. Villarrial issued a rules violation report against him, which led to a disciplinary hearing at which plaintiff was found guilty. Plaintiff alleges that the charges against him were false, and that on July 3, 2003, defendant W. Villarreal disregarded the testimony of plaintiff's witness, Officer J. Stanley, which clearly established plaintiff's innocence, found plaintiff guilty of the rules violation, and memorialized only half of the facts in his written decision. As punishment, plaintiff was confined to his cell for ten days without yard, dayroom, or telephone privileges. Plaintiff alleges that on January 6, 2004, defendant Streeter disregarded the facts of his innocence.

Confinement to quarters for ten days does not rise to the level of "atypical and significant hardship," <u>Sandin</u>, 515 U.S. at 484, and therefore the issue is not whether plaintiff was deprived of a protected liberty interest without due process of law. Rather, the issue is whether plaintiff was found guilty of a rules violation without *any* evidence to support the guilty finding, constituting a "sheer denial of due process claim." <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003); Burnsworth, 179 F.3d at 774-75.

On June 10, 2003, plaintiff was issued a priority ducat with instructions to go the 3A dining hall for TABE testing at 9:00 a.m. that morning. (Undisputed Fact 2.) At approximately 10:30 a.m., defendant Villarrial determined that plaintiff did not report to TABE testing, and she called plaintiff's assigned building to ascertain his whereabouts. (U. F. 3.) Plaintiff was located in his housing unit. (U. F. 4.) Due to his failure to report to TABE testing, defendant Villarrial issued plaintiff a serious level rules violation for disobeying orders and delaying program. (U. F. 5; Attach. A.) On July 3, 2003, plaintiff's disciplinary hearing for the rules violation was conducted by defendant Villarrial. (U. F. 7.) Defendant Villarrial was not present for the hearing, but defendant Villarreal used her report as evidence. (U. F. 8.) At the hearing, plaintiff was given the opportunity to present witnesses on his own behalf, and Officer Stanley was called as a witness for plaintiff. (U.F. 9, 10.) Officer Stanley testified that plaintiff was in his cell the morning of June 10, 2003, and

6

accounted for. (U. F. 10.) In light of plaintiff's witness's testimony, defendant Villarreal reclassified plaintiff's rule violation at an administrative classification level and changed the specific act to failure to report. (U. F. 11; Villarreal Dec., ¶9.)

Defendants argue that plaintiff received due process and reject plaintiff's position that evidence of his innocence was ignored. Defendants argue that plaintiff admitted he received a ducat for TABE testing and was found in his cell, confirming that plaintiff did not report for testing as instructed via ducat. Defendants argue that defendant Villarreal did take plaintiff's evidence into account and reclassified the rules violation from serious to administrative in response. Defendants argue that in finding plaintiff guilty of failing to report, defendant Villarreal took into account (1) defendant Villarrial's written report documenting that plaintiff had been issued a ducat for 9:00 a.m. and instructed to report to 3A Dining for TABE testing, and plaintiff's failure to report to the 3A dining hall; 2) plaintiff's partial admission of guilt at the hearing in which he admitted that he was given a priority ducat; 3) the testimony of Officer Stanley in which he stated that plaintiff was in his cell and accounted for, signifying that plaintiff had never reported to TABE testing as directed; and 4) California Code of Regulations § 3005(b), which states that "inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff . . . ." (Villarreal Dec., ¶10.) Defendants argue that despite the fact that plaintiff's witness was able to verify that plaintiff was in his cell and accounted for, the fact remained that plaintiff was issued a priority ducat and failed to report to his assigned building.

The court finds that defendants have met their initial burden of informing the court of the basis for their motion, and identifying those portions of the record which they believe demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As stated above, in attempting to establish the existence of this factual dispute, plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474

F.2d 747, 749 (9th Cir. 1973). Plaintiff must do more than attack the credibility of defendants' evidence, see National Union Fire. Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert . . . judgment."), and arguments or contentions set forth in a responding brief do not constitute evidence, see Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence).[4]

As a threshold matter, plaintiff argues that defendants conveyed only a partial version of events and left out material facts. (Doc. 40, 13:14-19 & 22:28-23:3; Doc. 45, Supp., 4:28-5:3.) Defendants are not obligated to set forth a version of facts that meets plaintiff's satisfaction. Defendant may use however many facts or few facts as they choose, so long as they set forth sufficient material facts to make a showing that they are entitled to summary judgment. If they do so, it is plaintiff's burden to set forth whatever additional facts he believes are material and raise triable issues of fact. Plaintiff also argues that defendants shifted tactics. (Doc. 45, 8:5-7 & 20-24.) It is immaterial which arguments defendants choose to make or choose to refrain from making. The issue is whether they meet their burden on summary judgment and thereby cause the burden to be shifted to plaintiff.

Plaintiff argues that he is innocent of the charge because he was in his cell and accounted for at all times, and did not blatantly refuse to report. (Doc. 45, Supp., 9:3-22.) Plaintiff argues that Officer Stanley, who was his building officer, was ordered not to release any of the inmates because they were going to be rescheduled. (Doc. 40, Opp., 5:21-24; 6:25-7:4; & 13:21-27.) Plaintiff argues that he cannot come and go as he pleases due to the controlled prison environment, and could not report because Officer Stanley did not release him. (Id., 13:28-14:2; & 15:7-10.) Plaintiff argues

///

---

[4] However, verified complaints and oppositions constitute opposing affidavits for purposes of the summary judgment rule. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998). The facts set forth in the verified complaint or opposition must be based on the plaintiff's personal knowledge of admissible evidence, and not merely on the inmate's belief. McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985); Fed. R. Civ. Pro. 56(e). In this instance, plaintiff's form complaint is verified but his attachment is not, and plaintiff's opposition is verified.

that Officer Stanley testified to such at the hearing, thereby demonstrating plaintiff's innocence of the charge against him. (Id., 13:3-5.)

All that is required to satisfy due process is that *some* evidence exist to support defendant Villarreal's finding that plaintiff was guilty of failing to report, and the standard is low. The rules violation report documents that Officer Stanley testified, "Inmate Hughes was in his cell accounted for. After they couldn't locate the inmates, they told us not to release any of the inmates because they were going to be re-ducated." (Id., pg. 20.) Here, plaintiff was ducated for an appointment, did not appear for the appointment, and was found guilty of failing to report. Although plaintiff argues impossibility because he was not released for the appointment, defendant Villarreal had the discretion to decide how much weight to give defendant Villarrial's report, plaintiff's testimony, and Officer Stanley's testimony. Plaintiff's position that in light of Officer Stanley's testimony, he was *innocent* and defendant Villarreal was *compelled* to find him not guilty is incorrect. Plaintiff did fail to report as instructed via ducat. Plaintiff's *defense* to his failure to report was that he was unable to report. That defendant Villarreal could have, and, frankly, perhaps even should have, dismissed the rules violation in the interest of justice in light of the explanation plaintiff offered in his defense is not for the court to determine, and how much weight defendant Villarreal should have given Officer Stanley's testimony is not for the court to determine, as the court may not assess the credibility of the witnesses or weigh the evidence. There was *some* evidence supporting the finding of guilt for failing to report, and that is all that is required. Defendants are entitled to judgment as a matter of law on plaintiff's claim against them.

        b.  <u>Defendants C. Villarrial and Streeter</u>

Defendant Villarrial issued the rules violation report plaintiff alleges falsely charged him. After being found guilty, plaintiff filed an inmate grievance on November 1, 2003, requesting that the disciplinary hearing findings be rescinded, and on January 6, 2004, defendant Streeter denied plaintiff's appeal at the second level of review. (U.F. 12, 13.) Defendants argue that defendants Villarrial and Streeter were not involved plaintiff's disciplinary hearing, and defendant Streeter was added to this lawsuit only because plaintiff disagreed with the second level review findings. (Doc. 35-4, Hughes Depo., 33:9-19.)

Plaintiff's claim is that he was found guilty in spite of the evidence of his innocence. For the reasons set forth above, defendants are entitled to judgment as a matter of law on plaintiff's claim. In addition, however, defendant Villarrial's act of issuing the rules violation report provides no basis for the imposition of liability against her under section 1983. Defendant Villarrial was not the hearing officer and cannot be held liable for finding plaintiff guilty of the rules violation without any evidence supporting the guilty finding, which is the basis for the claim in this action. Regardless of the merits of the rules violation report, plaintiff was entitled to a hearing on the report that comported with due process. Defendant Villarreal, as the hearing officer, was responsible for providing plaintiff with a fair hearing. As long as he did so, no other due process claims arise out the issuance and adjudication of the rules violation report. Accordingly, defendant Villarrial is entitled to summary adjudication on this independent ground.

Defendant Streeter's involvement was limited to consideration of plaintiff's inmate appeal grieving the disciplinary hearing. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Defendant Streeter's decision to deny plaintiff's inmate appeal does not provide a basis upon which to impose liability under section 1983 for denial of due process because the existence of, and use of, an inmate appeals process does not bestow upon plaintiff any substantive rights. Therefore, although defendants are entitled to judgment as a matter of law as set forth in subsection a, defendant
///

Streeter is entitled to judgment as a matter of law on the separate ground that his action in resolving plaintiff's appeal provides no basis for the imposition of liability in this action.

      D.    <u>Conclusion</u>

For the foregoing reasons, the court HEREBY RECOMMENDS that defendants' motion for summary judgment, filed January 17, 2007, be GRANTED, thus concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 9, 2007**　　　　　　　　　　　　　　 /s/ Sandra M. Snyder  
　　　　　　　　　　　　　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE